**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Rebecca R. Weinreich SB# 155684
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: (213) 250-1800
Facsimile: (213) 481-0621
Email:       weinreich@lbbslaw.com

Kathleen E. Hegen, SB# 104522
One Sansome Street, Suite 1400
San Francisco, California 94104
Telephone: (415) 362-2580
Facsimile: (415) 434-0882
e-mail:       hegen@lbbslaw.com

**WILEY REIN LLP**
Laura A. Foggan, *pro hac vice*
1776 K. Street N. W.
Washington, D. C. 20006
Telephone: (202) 719-3382
Facsimile: (202) 719-7049
Email: lfoggan@wileyrein.com

Attorneys for Plaintiff,
The Netherlands Insurance Company

UNITED STATED DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THE NETHERLANDS  INSURANCE ) CASE NO. 07-cv-05536-JL
COMPANY, a New Hampshire )
corporation, )
)
            Plaintiff, ) **PLAINTIFF'S RULE 26(f)  REPORT**
) **AND CASE MANAGEMENT**
    v. ) **STATEMENT; DECLARATION OF**
) **REBECCA R. WEINREICH**
)
MAX'S OF SKOKIE dba BILLY )
BERK'S RESTAURANT & PIANO )
BAR , a California Corporation )
)
            Defendant. )
)

Pursuant to <u>Federal Rule of Civil Procedure</u> 26(f), <u>Local Rule</u> 16-9, and the

Standing Order for All Judges of the Northen District of California, Plaintiff The

Netherlands Insurance Company ("Netherlands") submits the following Rule 26(f)

report and Case Management Statement.  Although Netherlands has two letters to

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

1 Defendant and has had four telephone calls with Defendant and its representatives
2 inquiring as to whether Defendant will appear and soliciting an opportunity to
3 convene a Rule 26 conference, as of this date, Defendant has neither appeared nor
4 provided Netherlands with the identity of counsel with whom it could meet or
5 confer. *See,* Declaration of Rebecca R. Weinreich. Consequently, Netherlands files
6 this Report and Case Management Statement unilaterally.

I.             **Jurisdiction and Service**

This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. §
1332 based on the following facts:

1.       Plaintiff The Netherlands Insurance Company is incorporated and
         domiciled in New Hampshire, with a principal place of business in New
         Hampshire.

2.       Defendant Max's of Skokie dba Billy Berk's Restaurant and Piano Bar
         ("Max's") is a California corporation with its principal place of business
         in California.

3.       The amount in controversy exceeds $75,000.

Service was effected on Max's on November 2, 2007. Max's has not
appeared. Netherlands' counsel has sent two reminder letters to Max's, copies of
which are attached to the Declaration of Rebecca R. Weinreich ("Weinreich Decl.").
Netherlands' counsel also had two telephone conversations with attorney Jim Borcia
who represents Max's in the underlying *Halperin* Action (*see* section IIA *infra*) but
who is not representing Max's in this case as he was engaged by Netherlands to
defend Max's in connection with the underlying *Halperin* Action. Weinreich Decl.
at ¶¶6-7.

On January 16, 2008, the last day on which the parties could convene their
Rule 26 meeting, Netherlands' counsel spoke with Greg Boro, who Netherlands
understands is an officer, director or managing agent of Max's but who declined to
participate in a Rule 26 conference. Id. at ¶ 8. Later that same day, Netherlands'

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

1  counsel spoke with Dennis Faoro, who introduced himself as an attorney who has

2  done corporate work for Max's but who was not going to handle the instant litigation

3  and who declined to participate in the Rule 26 meeting. Id. Messrs. Borcia, Boro

4  and Faoro each indicated that Max's intended to engage counsel and to appear in this

5  matter. Id. at ¶¶6-8.

6  **II.**     **Facts**

7      **A.**    **Underlying *Halperin* Action.**

8      Plaintiff Halperin, individually and on behalf of a class, has filed suit against

9  Max's for alleged violation of the Fair and Accurate Transactions Act ("FACTA")

10  amendment to the Fair Credit Reporting Act (15 U.S.C. Section 1681, et seq.

11  ["FCRA"]). The underlying *Halperin* action alleges that Max's willfully violated

12  Section 1681c(g) and failed to protect Mr. Halperin and others similarly situated

13  against identity theft and credit card/debit card fraud by printing more than the last

14  five digits of the card number and/or the expiration date on receipts provided to

15  cardholders transacting business with Max's. *Halperin* Complaint, at ¶¶ 3, 11, 12.

16  (A copy of the *Halperin* Complaint was attached as Exhibit "A" to the Complaint in

17  this matter.) Pursuant to "15 U.S.C. section 1681 *et seq*., Plaintiff seeks "statutory

18  damages, attorneys fees, and costs." Id. at ¶ 4. Mr. Halperin further alleges, on

19  information and belief, that Max's knew of the requirement concerning the

20  transaction of credit and debit card numbers and the prohibition on the printing of

21  expiration dates on receipts. Id. at ¶ 27. Mr. Halperin goes on to assert that Max's

22  "willfully disregarded FACTA's requirements and continued to use cash registers or

23  other machines or devices that print receipts in violation of FACTA." Id. at ¶ 31.

24  Mr. Halperin seeks the statutory recovery of not less than $100.00 to $1,000.00, for

25  each violation by the defendants.

26      Max's tendered the underlying *Halperin* action to Netherlands, which is

27  defending under a full reservation of rights.

28

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

**B.    The Netherlands Policy**

Netherlands issued policy number CBP 8156716 to named insured, Max's of Skokie dba Billy Berk's Restaurant, with effective dates of September 12, 2006 to September 12, 2007.

**C.    The Present Litigation**

Netherlands filed this action on November 2, 2007. Max's has not yet appeared. Netherlands has not taken Max's default because it understands that Max's is seeking counsel to appear on its behalf, although it has not yet done so.

In this action, Netherlands contends that the *Halperin* litigation is not covered by the subject insurance policy. Accordingly, it is seeking a declaration of the parties' rights and obligations under the policy. Netherlands also seeks reimbursement of amounts it has expended to date in defending the *Halperin* litigation.

**III.    Legal Issues**

The sole issues are whether Netherlands is obligated to defend or indemnify Max's in the *Halperin* litigation and whether Netherlands is entitled to recover from Max's the amounts it has expended in defending the *Halperin* litigation. In brief, Netherlands contends it owes no defense or indemnity for the *Halperin* litigation because:

(a) *Halperin* seeks only statutory damages and other remedies under 15 U.S.C. section 1681n which are not insurable damages;

(b) the *Halperin* action does not allege "bodily injury" or "property damage" caused by an "occurrence" as those terms are defined in the subject policy;

(c) *Halperin* does not allege publication, invasion of privacy or any other Personal or Advertising injury;

(d) coverage for *Halperin* is precluded by the exclusions entitled "Distribution of Material in Violation of Statutes," "Knowing Violation of Rights of Another" and "Material Published Prior to Policy Period"; and

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

1    (e)  coverage for *Halperin* is precluded by <u>Insurance Code</u> section 533.

2 Netherlands does not believe the case requires utilization of the Manual For

3 Complex Litigation.

4  **IV.**        <u>**Motions**</u>

5    Netherlands anticipates seeking summary judgment on the issues presented.

6  **V.**        <u>**Amendment of Pleadings**</u>

7    Netherlands does not anticipate amendments to the pleadings.

8  **VI.**        <u>**Evidence Preservation**</u>

9    The only evidence relevant in this litigation as it is presently framed is the

10 underlying *Halperin* complaint, the Netherlands policy and the reservation of rights

11 letter, all of which were attached to the Complaint.

12 **VII.**        <u>**Disclosures**</u>

13    Netherlands has produced all the documents relevant to the litigation and does

14 not anticipate any testimonial evidence, unless Max's challenges the authenticity of

15 the exhibits to the Complaint.

16 **VIII.**        <u>**Discovery**</u>

17    None has been conducted.  Unless Max's contends that any of the three

18 exhibits to the Complaint are not true and accurate copies of the originals,

19 Netherlands does not believe any discovery is necessary in order to file a motion

20 pursuant to F.R.C.P. 56.  If the matter proceeds beyond Netherlands' anticipated

21 F.R.C.P. 56 motion, discovery will likely be necessary.

22 **IX.**        <u>**Class Action**</u>

23    This is not a class action.

24 **X.**        <u>**Related Cases**</u>

25    Netherlands is not aware of any related cases.

26 **XI.**        <u>**Relief**</u>

27    Netherlands seeks a declaration that it does not owe Max's any defense or

28 indemnity in connection with the underlying *Halperin* action and that it is entitled to

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

**PLAINTIFF'S RULE 26(F) REPORT**

1   recover from Max's the amounts Netherlands has expended to date in the defense of

2   the *Halperin* action.

3   **XII.        Settlement**

4       There have been no settlement discussions.  Because Max's has not appeared

5   or met and conferred, Netherlands is unable to definitively address what alternative

6   dispute resolution vehicle would be best suited for the litigation.

7   **XIII.       Consent to Magistrate**

8       Netherlands consents to the Honorable Magistrate Judge James Larson

9   conduct all further proceedings, including trial and entry of judgment.

10  **IXV.        Other References**

11      Netherlands does not believe the case is suitable for reference to binding

12  arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

13  **XV.         Narrowing of Issues**

14      Netherlands does not believe the issues can be further narrowed.  The only

15  issue is the parties' rights under the Netherlands policy *vis a vis* the *Halperin*

16  litigation.

17  **XVI.        Expedited Schedule**

18      If Max's agrees that no discovery is presently necessary, and would not be

19  necessary unless the matter survives past Netherlands' anticipated F.R.C.P. 56

20  motion, Netherlands believes the matter can be set for summary judgment within 60

21  days.

22  **XVII.       Scheduling**

23      Netherlands proposes the parties serve their Rule 26(a) disclosures by

24  February 29, 2008.  Potentially dispositive motions could be filed by May 30, 2008.

25  If the case proceeds beyond that date, and if discovery is necessary, non-expert

26  discovery should be completed by October 31, 2008,  expert disclosures and reports

27  pursuant to F.R.C.P. 26(a)(2)(A) could be exchanged on November 21, 2008.

28  Supplemental designations and reports pursuant to F.R.C.P. 26(a)(2)(C)(ii), if any,

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

1  would be exchanged by December 19, 2008.  If the case proceeds beyond

2  Netherlands' anticipated F.R.C.P. 56 motion, it should be ready for trial in March,

3  2009.

4  **XVIII.      Trial Estimate**

5          Netherlands anticipates trial would last two court days based on the issues as

6  presently framed.

7  **XIX.        Disclosure of Non-party Interested Entities or Persons**

8          Netherlands is unaware of any such entities or persons.

9  **XX.         Other Matters**

10         Netherlands is not aware of any other relevant matters.

11

12  DATED: January 29, 2008          LEWIS BRISBOIS BISGAARD & SMITH LLP

13

14

15                                   By_____

16                                       Rebecca R. Weinreich
                                         Attorneys for Plaintiff The Netherlands
                                         Insurance Company

17

18

19

20

21

22

23

24

25

26

27

28

**LEWIS BRISBOIS BISGAARD & SMITH** LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

## DECLARATION OF REBECCA R. WEINREICH

I, Rebecca R. Weinreich, declare as follows:

1.      I am an attorney licensed to practice before all of the Courts of the State of California and in this and other Federal Districts in California. I make this declaration of my personal knowledge. If called as a witness, I could and would competently testify to the matters as stated herein.

2.      I am a partner at the law firm of Lewis Brisbois Bisgaard & Smith, which firm is counsel of record to Plaintiff, The Netherlands Insurance Company.

3.      The proof of service provided to me by the attorney service this firm engaged reflects that service of the Summons and Complaint was effected upon the defendant, Max's of Skokie dba Billy Berk's Restaurant & Piano Bar, a California Corporation ("Max's) on November 2, 2007. The proof of service also reflects concurrent service upon Max's of a variety of other documents including an Application for *Pro Hac Vice* admission; this Court's Order granting same; Notice of Assignment; Consent to Assignment; Certification and Notice of Interested Parties; ECF Registration Handout; and this Court's Order setting the Initial Case Management Conference (for February 6, 2008) and ADR deadlines. Max's responsive pleading was due to be served and filed by November 26, 2007

4.      Because I had received no responsive pleading, on December 3, 2007 I wrote to Max's, via Federal Express enclosing additional copies of the entire service package, and reminding Max's that its responsive pleading had been due by November 26.

> "If Max's is represented by counsel, we ask that s/he advise whether a
> responsive pleading was filed and, if so, provide a copy for us. If Max's has
> not yet responded to the Complaint, perhaps your counsel would contact us to
> discuss the matter further."

A true and accurate copy of my December 3, 2007 letter is attached hereto and

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

1  marked as Exhibit "A". According to Federal Express, the package was received on

2  December 4, 2007.

3      5.      Because I still heard nothing from Max's and received no responsive

4  pleading, on December 27, 2007 I sent another letter to Max's, again via Federal

5  Express.

6          "To date, we have still received no response. The parties must convene a

7          Rule 26 meeting by January 16 and file a joint report by January 30. As time

8          is running short, we again ask you to advise whether a responsive pleading

9          was filed and, if so, provide a copy for us. If we do not receive one in short

10         order, we shall have no alternative but to seek a default. If Max's is willing

11         to participate in a Rule 26 meeting, we are currently available on January 8, 9

12         or 14; please advise which is most convenient."

13  A true and accurate copy of my December 27, 2007 letter is attached hereto and

14  marked as Exhibit "B". According to Federal Express, the letter was received on

15  December 28, 2007.

16      6.      On January 8, 2008 I received a telephone call from Jim Borcia who

17  introduced himself as Max's counsel. He advised he had just received the service

18  package, would review it and contact me shortly to convene a Rule 26 meeting. I

19  reminded him of the impending deadlines.

20      7.      On either January 8 or 9, 2008, I learned that Mr. Borcia was Max's

21  defense counsel in the *Halperin* action and that he had been engaged by my client, the

22  Netherlands, to defend Max's. Consequently, I called Mr. Borcia twice, on January 9

23  and again within a few days thereafter, both times leaving messages for him to the

24  effect that I was concerned he could not represent Max's in the present litigation

25  adverse to The Netherlands, as he represented both Max's and The Netherlands in

26  connection with the *Halperin* Action. I spoke again with Mr. Borcia on January 14

27  and he concurred that he could not represent Max's in the present litigation.

28      8.      On January 16, 2008 I received telephone calls from (a) Greg Boro, who

**PLAINTIFF'S RULE 26(F) REPORT**

1  I understand to be an officer, director or managing agent of Max's but who advised he
2  would not be able to participate in a Rule 26 conference; and (b) Dennis Faoro, who
3  introduced himself as an attorney who has done corporate work for Max's but who
4  was not going to handle the instant litigation or participate in the Rule 26 meeting.
5  Messrs. Borcia, Boro and Faoro each advised me that Max's intended to engage
6  counsel and to appear in this matter. I reminded each gentleman of the Court's
7  deadlines and the February 6, 2008 Initial Case Management Conference.
8       9.     As of the date of this declaration I have received no further
9  communications from anyone representing her/himself to be counsel to Max's.

10
11       I declare under penalty of perjury under the laws of the United States that the
12  foregoing is true and correct.
13       Executed this 29th day of January, 2008 at Los Angeles, California.
14
15
16                                        Rebecca R. Weinreich
17
18
19
20
21
22
23
24
25
26
27
28

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**
*The Netherlands Insurance Company v. Max's of Skokie*
USDC - ND Case No. **C07 5536 JL**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 221 N. Figueroa Street, Los Angeles, California 90012.

    On January 29, 2008, I served the following document described as:

**PLAINTIFF'S RULE 26(f)  REPORT AND CASE MANAGEMENT STATEMENT;
DECLARATION OF REBECCA R. WEINREICH**

on all interested parties in this action by placing [X] a true copy  [  ] the original thereof enclosed in a sealed envelope addressed as follows:

**Max's of Skokie
Agent for Service of Process
Mr. Greg Boro
Dennis Berkowitz
120 E. Grand Avenue
South San Francisco, CA 94080**

[X]    **(BY MAIL, 1013a, 2015.5 C.C.P.)** I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, this document will be deposited with the U.S. Postal Service on this date with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[  ]    **(BY OVERNIGHT DELIVERY/COURIER)** I deposited such envelope in a box or facility regularly maintained by the express service carrier in an envelope or package designated by the express service carrier with delivery fees provided for.

[  ]    **(BY FACSIMILE)** The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2008(e)(4), I caused the machine to print a record of the transmission.

[  ]    **(BY MESSENGER)** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed above and providing them to a messenger for personal service. (A proof of service executed by the messenger will be filed in compliance with the *Code of Civil Procedure*.)

[X]    **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

    Executed on January 29, 2008, at Los Angeles, California.

                                           Robert Mendosa

4849-1561-2418.1            CERTIFICATE OF SERVICE

**EXHIBIT A**

# LEWIS BRISBOIS BISGAARD & SMITH LLP

### ATTORNEYS AT LAW

221 NORTH FIGUEROA STREET, SUITE 1200, LOS ANGELES, CA 90012
PHONE: 213.250.1800 | FAX: 213.250.7900 | WEBSITE: www.lbbslaw.com

**REBECCA R. WEINREICH**                    December 3, 2007

**VIA FEDERAL EXPRESS**

Mr. Dennis Berkowitz
Agent for Max's of Skokie dba
Berk's Restaurant and Piano Bar
120 East Grand Avenue
South San Francisco, CA 94080

     Re:    The Netherlands Insurance Company v. Max's of Skokie
              Civil Action Number 07 CV 5536 JL

Dear Mr. Berkowitz:

    We represent The Netherlands Insurance Company in the captioned matter, presently pending in the United States District Court for the Northern District of California. On November 2, 2007 we effected service of the following documents on you as agent for service of process for defendant Max's of Skokie, dba Billy Berk's Restaurant and Piano Bar ("Max's"):

1. Summons;
2. Civil cover sheet;
3. Complaint;
4. Application for *Pro Hac Vice* admission;
5. Order granting same;
6. Notice of Assignment;
7. Consent to Assignment;
8. Certification and Notice of Interested Parties;
9. ECF Registration Handout;
10. Order setting initial Case Management Conference and ADR deadlines.

We enclose additional copies of each herewith, together with a copy of the proof of service.

    By our calculations, Max's responsive pleading was due by November 26, 2007. To date, we have received neither the responsive pleading nor any indication from the Court that it was filed. If Max's is represented by counsel, we ask that s/he advise whether a responsive pleading

CHICAGO | FORT LAUDERDALE | LAFAYETTE | LAS VEGAS | LOS ANGELES | NEW ORLEANS | NEW YORK
ORANGE COUNTY | PHOENIX | SACRAMENTO | SAN BERNARDINO | SAN DIEGO | SAN FRANCISCO | TUCSON

LEWIS BRISBOIS BISGAARD & SMITH LLP

Mr. Dennis Berkowitz
December 3, 2007
Via Federal Express

Page 2

was filed and, if so, provide a copy for us.  If Max's has not yet responded to the Complaint, perhaps your counsel would contact us to discuss the matter further.

Thank you in advance for your courtesy and cooperation.

Very truly yours,

Rebecca R. Weinreich of
LEWIS BRISBOIS BISGAARD & SMITH

RRW:sh
Enclosures noted

4835-1845-6066.1

**EXHIBIT B**

# LEWIS BRISBOIS BISGAARD & SMITH LLP

### ATTORNEYS AT LAW

221 NORTH FIGUEROA STREET, SUITE 1200, LOS ANGELES, CA 90012
PHONE: 213.250.1800 | FAX: 213.250.7900 | WEBSITE: www.lbbslaw.com

REBECCA R. WEINREICH                    December 27, 2007

**VIA FEDERAL EXPRESS**

Mr. Greg Boro
Mr. Dennis Berkowitz
Agent for Max's of Skokie dba
Berk's Restaurant and Piano Bar
120 East Grand Avenue
South San Francisco, CA 94080

    Re:    The Netherlands Insurance Company v. Max's of Skokie
            Civil Action Number 07 CV 5536 JL

Dear Messrs. Boro and Berkowitz:

    We represent The Netherlands Insurance Company in the captioned matter. On November 2, 2007 we effected service of process on defendant Max's of Skokie, dba Billy Berk's Restaurant and Piano Bar ("Max's"). We believe Max's responsive pleading was due by November 26, 2007. When no response was filed, we sent copies of the entire service package again on December 3, under cover of a reminder letter soliciting a response by Max's or its counsel. To date, we have still received no response. The parties must convene a Rule 26 meeting by January 16 and file a joint report by January 30. As time is running short, we again ask you to advise whether a responsive pleading was filed and, if so, provide a copy for us. If we do not receive one in short order, we shall have no alternative but to seek a default. If Max's is willing to participate in a Rule 26 meeting, w are currently available on January 8, 9 or 14; please advise which is most convenient.

    Thank you in advance for your courtesy and cooperation.

           Very truly yours,

           Rebecca R. Weinreich of
           LEWIS BRISBOIS BISGAARD & SMITH

RRW:sh

CHICAGO | FORT LAUDERDALE | LAFAYETTE | LAS VEGAS | LOS ANGELES | NEW ORLEANS | NEW YORK
ORANGE COUNTY | PHOENIX | SACRAMENTO | SAN BERNARDINO | SAN DIEGO | SAN FRANCISCO | TUCSON