**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Rebecca R. Weinreich SB# 155684
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: (213) 250-1800
Facsimile: (213) 481-0621
Email:     weinreich@lbbslaw.com

Kathleen E. Hegen, SB# 104522
One Sansome Street, Suite 1400
San Francisco, California 94104
Telephone: (415) 362-2580
Facsimile: (415) 434-0882
e-mail:     hegen@lbbslaw.com

**WILEY REIN LLP**
Laura A. Foggan, *pro hac vice*
1776 K. Street N. W.
Washington, D. C. 20006
Telephone: (202) 719-3382
Facsimile: (202) 719-7049
Email: lfoggan@wileyrein.com

Attorneys for Plaintiff,
The Netherlands Insurance Company

UNITED STATED DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE NETHERLANDS INSURANCE COMPANY, a New Hampshire corporation,<br><br>Plaintiff,<br><br>v.<br><br>MAX'S OF SKOKIE dba BILLY BERK'S RESTAURANT & PIANO BAR, a California Corporation<br><br>Defendant. | CASE NO. 07-cv-05536-JL<br><br>**PLAINTIFF'S THIRD CASE MANAGEMENT STATEMENT**<br><br>Date:     April 30, 2008<br>Time:    10:30 a.m. |

   Pursuant to this Court's Orders dated February 6, 2008 and March 7, 2008, Plaintiff The Netherlands Insurance Company ("Netherlands") submits its third Case Management Statement.

Defendant, Max's of Skokie dba Billy Berk's Restaurant & Piano Bar (Max's") has not appeared in the present action but has been in contact with Netherlands' counsel. Max's has advised it is in a financially precarious position and wishes to avoid incurring attorneys' fees in this matter. As a consequence, Netherlands has not taken Max's default, although the deadline for it to have responded to the Complaint passed approximately five (5) months ago.

The present coverage dispute arises from an underlying case styled *Halperin v. Max's of Skokie ("Halperin")*. Max's and Netherlands have agreed that if the underlying case settles, the present case will be dismissed.

The plaintiff in the underlying action has withdrawn his request for class certification. Although settlement discussions are proceeding in *Halperin,* the parties are still $10,000 apart, which is not appreciably closer to settlement than they were when Netherlands filed its last Case Management Statement in the present litigation on March 5, 2008. Netherlands is informed that on or about April 18, Max's filed a Motion for Summary Judgment in *Halperin* and that the *Halperin* court set the matter for a settlement conference on May 22, 2008. Netherlands is continuing to defend *Halperin* pursuant to a reservation of rights.

While it still appears likely that *Halperin* will resolve in time, the process has moved more slowly than expected. Netherlands and Max's still agree that once *Halperin* has been dismissed, the present action will also be dismissed.

Dated: April 23, 2008           LEWIS BRISBOIS BISGAARD & SMITH

                                By _____
                                   Rebecca R. Weinreich
                                   Attorneys to Plaintiff The Netherlands
                                   Insurance Company

**CERTIFICATE OF SERVICE**
*The Netherlands Insurance Company v. Max's of Skokie*
USDC - ND Case No. **C07 5536 JL**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 221 N. Figueroa Street, Los Angeles, California 90012.

On April 23, 2008, I served the following document described as:

**PLAINTIFF'S THIRD CASE MANAGEMENT STATEMENT**

on all interested parties in this action by placing [X] a true copy  [ ] the original thereof enclosed in a sealed envelope addressed as follows:

**Max's of Skokie**
**Agent for Service of Process**
**Mr. Greg Boro**
**Dennis Berkowitz**
**120 E. Grand Avenue**
**South San Francisco, CA 94080**

[X]  **(BY MAIL, 1013a, 2015.5 C.C.P.)** I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, this document will be deposited with the U.S. Postal Service on this date with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]  **(BY OVERNIGHT DELIVERY/COURIER)** I deposited such envelope in a box or facility regularly maintained by the express service carrier in an envelope or package designated by the express service carrier with delivery fees provided for.

[ ]  **(BY FACSIMILE)** The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2008(e)(4), I caused the machine to print a record of the transmission.

[ ]  **(BY MESSENGER)** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed above and providing them to a messenger for personal service. (A proof of service executed by the messenger will be filed in compliance with the *Code of Civil Procedure*.)

[X]  **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 23, 2008, at Los Angeles, California.

_____
Robert Mendosa